IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOROTHY K. MARTIN,          :
                                  :
       Plaintiff            :
                                  :
       v.                  :
                                  :    **JURY TRIAL DEMANDED**
**AVANT PUBLICATIONS, LLC,**   :
**d/b/a TIMES LEADER d/b/a TIMES** :
**LEADER MEDIA GROUP**        :
                                  :
                                  :    **No.**
                                  :
       Defendant       :

## C O M P L A I N T

### I.    JURISDICTION

1.    This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Age Discrimination in Employment Act (ADEA), 29 USC §621(a), the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq,* (hereinafter "ADA"); Title I of the Family and Medical Leave Act of 1993 (FMLA) as well as its jurisdiction over pendent state claims, particularly the Pennsylvania Human Relations Act, 43 P.S. § 955 (a) and (d). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2.    The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331, 1332, 1343 and 1346; §7(b) of the ADEA, 29 USC §626(b), 42 U.S.C. §

12101 *et seq,*; and,  29 U.S.C. § 2617(a)(2), as well as its jurisdiction over pendent state claims.

3.      The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4.      The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.    PARTIES

5.      The Plaintiff, Dorothy K. Martin, is an adult individual and a citizen of the United States and the Commonwealth of Pennsylvania and resides at 1114 Murray Street, Forty Fort, Luzerne County, PA 18704.

6.      Defendant Avant Publications, LLC, is a limited liability corporation, d/b/a Times Leader, and d/b/a Times Leader Media Group, with a place of business located at 90 E. Market Street, Wilkes-Barre, PA 18701.

7.      At all times material hereto, Defendant was, and is, an employer within the meaning of the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, and the Pennsylvania Human Relations Act, Age Discrimination in Employment Act 43 PS §955 (a)and (d) , in that Defendant, at all times material hereto, was engaged in an industry affecting commerce, and has employed fifty  (50) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year. Additionally, at all times material hereto, Defendant has had in excess of fifty (50)

employees, as that term is defined by the Family and Medical Leave Act of 1993 (hereinafter FMLA), 29 USC §2611(4).

8.  At all times material hereto, Defendant has had in excess of fifty (50) employees within seventy-five (75) miles of Plaintiff's work site.

## III.    ADMINISTRATIVE PREREQUISITES

9.  Plaintiff timely filed a complaint against the Defendant with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), alleging age discrimination, disability discrimination and retaliation on August 24, 2020.

10.    The EEOC has issued a notice of right-to-sue dated February 4, 2022.

## IV.    RIGHT OF EQUITABLE RELIEF

11.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiff's only means of securing adequate relief.

## V.    JURY TRIAL DEMANDED

12.    Plaintiff demands trial by jury on this Complaint.

## VI.    FACTUAL ALLEGATIONS

13.    Defendant employs more than 100 individuals.

14.     At all times material hereto Defendant was, and is, engaged in an industry affecting interstate commerce.

15.    Plaintiff was born on March 10, 1955.

16.    Plaintiff has been continuously employed by Defendant, or its predecessors, since 2007, and for various periods before then beginning in 1978.

17.    At all times material hereto, Plaintiff was employed by Defendant as an editor, in various capacities.

18.    Plaintiff has arthritis, particularly affecting her legs.

19.    In connection with the diagnosis of arthritis, Plaintiff has had, and continues to have physiological impairments, resulting in substantial limitations of Plaintiff's major life activities, including walking and standing.

20.    At all times material hereto, Defendant was aware of Plaintiff's diagnosis and physiological impairments.

21.    Plaintiff has a record of having a disability.

22.    Defendant regarded and regards Plaintiff as having a disability.

23.    With regard to her work for Defendant, Plaintiff was and is a qualified individual with a disability.

24.    At all times material hereto, Plaintiff performed her duties for Defendant in a competent, workmanlike, professional and proper manner.

25.    Since or about 2017, Plaintiff was permitted by Defendant to perform her duties from her home.

26.     On February 7, 2020. Defendant directed Plaintiff to work from Defendant's Wilkes-Barre office, effective February 10, 2020.

27.     Defendant stated no business reason for its direction to Plaintiff to now work from Defendant's Wilkes-Barre office.

28.     Defendant had no business reason for its direction to Plaintiff to now work from Defendant's Wilkes-Barre office.

29.     On Saturday, February 8, 2020, Plaintiff requested from Defendant the reasonable accommodation of being permitted to continue to work from home.

30.     On February 8, 2020, Plaintiff informed Defendant that she would provide Defendant with a note from her doctor regarding the necessity of her working from home.

31.     Plaintiff requested the note from her doctor on Monday, February 10, 2020.

32.     Plaintiff worked from her home, and not from Defendant's Wilkes-Barre office on February 10, 2020.

33.     On February 12, 2020, Plaintiff learned that Defendant had denied her timely and properly made request for vacation time.

34.     Defendant had no business reason to deny Plaintiff's vacation request.

35.     Defendant denied Plaintiff's vacation request in retaliation for her request for the reasonable accommodation of being permitted to perform her duties from home.

36.     On Friday, February 14, 2020, Defendant issued a written reprimand to

Plaintiff for not working from Defendant's Wilkes-Barre office on February 10, 2020 and for not having provided a doctor's note regarding her request for the reasonable accommodation of being permitted to perform her duties from home.

37.    Plaintiff provided Defendant with her doctor's note on the afternoon of February 14, 2020, as soon as she received it from her doctor.

38.    On February 20, 2020, Plaintiff e-mailed Kourtney Richards, Defendant's director of human resources, requesting the necessary paperwork for her to file for leave under the Family and Medical Leave Act (FMLA) on account of her disability and Defendant's refusal to provide her the requested reasonable accommodation.

39.    As of February 20, 2020, Plaintiff was eligible for leave under the Family and Medical Leave Act (FMLA).

40.    Plaintiff had been employed by Defendant for at least 1250 hours of service during the twelve (12) month period preceding the commencement of the requested leave.

41.    Prior to her need for medical leave in February 2020, Plaintiff had not exhausted her allowed amount of medical leave from Defendant during the previous twelve (12) months, as that term is defined by the FMLA.

42.    Plaintiff's medical condition was a serious health condition, as defined by the FMLA, 29 USC §2612(a)(1)(D) and 29 CFR §825.114.

43.    Plaintiff was entitled to receive the needed FMLA leave under the policies of the Defendant at the time she needed it.

44.     On February 24, 2020, Plaintiff reiterated to Roger Dupuis, news editor for Defendant, that she was requesting leave under the FMLA.

45.     Defendant failed and refused to grant Plaintiff her requested medical leave under the FMLA, to which she was entitled.

46.     Defendant terminated Plaintiff on February 24, 2020.

47.     Plaintiff learned of her termination upon the deactivation of her e-mail account by Defendant.

48.     Defendant stated no business reason to Plaintiff for her termination.

49.     Defendant had no business reason for Plaintiff's termination.

50.     Plaintiff was the oldest editor on the staff of Defendant.

51.     Plaintiff was, and is, capable of performing the duties of the remaining, younger editors.

52.     Upon the termination of Plaintiff, her duties were assigned to younger, less qualified editors.

53.     Upon the termination of Plaintiff, her duties were assigned to editors who were not disabled..

54.     Upon the termination of Plaintiff, her duties were assigned to editors who had not requested reasonable accommodations of their disabilities.

55.     Upon the termination of Plaintiff, her duties were assigned to editors who had not requested leave under the FMLA.

56.     Complaint applied for unemployment compensation benefits on account of her unwarranted termination.

57.     Defendant falsely defended against Plaintiff's claim for unemployment compensation benefits by asserting that she had resigned.

58.     Upon hearing, Plaintiff was granted unemployment compensation benefits.

59.      Defendant appealed the award of unemployment compensation benefits to Plaintiff.

60.     Upon review, on August 13, 2020, the Unemployment Compensation Board of Review (UCBR) unanimously affirmed the award of unemployment compensation benefits to Plaintiff, writing "The Board finds credible the claimant's testimony that she never said she was quitting and only indicated that she was going to apply for FMLA leave." The UCBR decision is attached hereto and made a part hereof as Exhibit A.

61.     Defendant failed and refused to engage in an interactive process with respect to Plaintiff's disabilities and requested reasonable accommodation.

62.     Defendant's termination of Plaintiff was on account of her disability and in retaliation for her request for a reasonable accommodation.

63.     Defendant acted to obstruct and interfere with Plaintiff's rights to disability accommodations.

64.    Defendant has failed and refused to provide reasonable accommodations for Plaintiff's disability.

65.    With the requested reasonable accommodation, Plaintiff could have performed the essential functions of her job.

66.    The allowance of the requested reasonable accommodation by Defendant would not have been an undue hardship to Defendant.

67.    Defendant terminated Plaintiff on account of her age.

68.    Defendant would have granted Plaintiff's requested accommodation and would not have terminated her employment but for her age.

69.    Defendant terminated Plaintiff in retaliation for her request for medical leave under the FMLA

70.    Defendant obstructed and interfered with Plaintiff's right to medical leave under the FMLA.

71.    Defendant's violations of the FMLA were willful.

72.    Plaintiff has suffered damages in the form of loss of compensation, loss of employment benefits, emotional distress and other compensatory and consequential damages on account of this failure to accommodate, discrimination and retaliation.

73.    The actions and omissions of Defendant were outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

## VII.   CAUSES OF ACTION

### COUNT I
### Americans with Disabilities Act
### 42 USC Sec. 12101 *et seq.*

### Discrimination on Account of Disability
### Termination

74.     Paragraphs 1 through 73 of this Complaint are incorporated herein by reference as though set forth in full.

75.     Defendant terminated Plaintiff's employment on account of her disability, its regard of her as being disabled, and/or her record of disability.

76.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

77.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

78.     The actions taken by Defendant as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiff such as an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment and prays:

a.      that this Court declare that the practices described herein are discriminatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.      that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.      that this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of  termination;

d.      that this Court order the payment of compensatory damages;

e.      that this Court order the payment of punitive damages;

f.      that this Court order the payment of reasonable attorney fees and costs;

g.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

h.      that this Court order such other and further relief as may be just and equitable.

## COUNT II
## Pennsylvania Human Relations Act
## 43 PS Sec. 955(a)

### Discrimination on Account of Disability
### Termination

79.     Paragraphs 1 through 78 of this Complaint are incorporated herein by reference as though set forth in full.

80.     Defendant terminated Plaintiff's employment on account of her disability, its regard of her as being disabled, and/or her record of disability.

81.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Pennsylvania Human Relations Act.

82.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.     that this Court declare that the practices described herein are discriminatory and in violation of the PHRA.;

b.     that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.     that this Court order reinstatement of the Plaintiff and provide a reasonable accommodation for disability, without loss of seniority or other benefits which would have

accrued had there not been a wrongfully terminated; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of termination;

     d.     that this Court order the payment of compensatory damages

     e.     that this Court order the payment of reasonable attorney fees and costs;

     f.     that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

     g.     that this Court order such other and further relief as may be just and equitable.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12101 *et seq.*
## RETALIATION

### Termination

83.     Paragraphs 1 through 82 of this Complaint are incorporated herein by reference as though set forth in full.

84.     The termination of Plaintiff by Defendant was in retaliation for her requests of a reasonable accommodation.

85.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of engaging in a protected activity under the statute, on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

WHERFORE, Plaintiff demands judgment in against the Defendant  and prays:

a.     That this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.     That this court permanently enjoin the Defendant from retaliating against employees on the basis of disability accommodation requests with regard to the terms and conditions of employment;

c.     That this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had Plaintiff not been discriminatorily terminated, together with interest on said amount from the date of Plaintiff's termination.

d.     That this Court order the Defendant to pay Plaintiff compensatory damages;

e.     That this Court order the Defendant to pay Plaintiff punitive damages;

f.      That this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

g.      That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

h.      That this Court order such other and further relief as may be just and equitable.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. §955(d)
### RETALIATION
#### Termination

86.     Paragraphs 1 through 85 of this Complaint are incorporated herein by reference as though set forth in full.

87.     The termination of Plaintiff by Defendant was in retaliation for her requests of a reasonable accommodation.

88.     The unlawful employment practices based on participation in a protected activity hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.    that this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d);

b.    that this court permanently enjoin the Defendant from retaliating against employees of the Defendant on the basis of disability accommodation requests with regard to the terms and conditions of employment;

c.    that this court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had Plaintiff not been denied the requested reasonable accommodation, together with interest on said amount from the date of Plaintiff's termination.

d.    that this Court order the Defendant to pay Plaintiff compensatory damages;

e.    that this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

f.    that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

g.    that this Court order such other and further relief as may be just and equitable.

## COUNT V
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12101 *et seq.*
## FAILURE TO ACCOMMODATE

89.     Paragraphs 1 through 88 of this Complaint are incorporated herein by reference as though set forth in full.

90.     The unlawful employment practices hereinbefore stated constitute a violation of the Americans with Disabilities Act 42 U.S.C. §12101 *et seq.*, as Defendant failed to grant Plaintiff's requests for reasonable accommodation for her disability.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

a.     That this Court declare that the practices in which the Defendant has engaged are illegal and in violation of the Americans with Disabilities Act 42 U.S.C. §12101;

b.     That this Court permanently enjoin the Defendant from denying requests for reasonable accommodations by employees with regard to their disabilities;

c.     That this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had she not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had she not been denied the

requested reasonable accommodations, together with interest on said amount from the date of Plaintiff's termination.

    d.    That this Court Order the Defendant to pay Plaintiff compensatory damages;

    e.    That this Court Order the Defendant to pay Plaintiff punitive damages;

    f.    That this Court Order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs of this litigation;

    g.    That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary; and,

    h.    That this Court Order such other and further relief as may be just and equitable.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA
## HUMAN RELATIONS ACT, 43 P.S. §955(a)
## FAILURE TO ACCOMMODATE

    91.    Paragraphs 1 through 90 of this Complaint are incorporated herein by reference as though set forth in full.

    92.    The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

    WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

a.      that this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d);

b.      that this court permanently enjoin the Defendant from denying requests for reasonable accommodations from employees and otherwise discriminating against employees of the Defendant on the basis of disability with regard to the terms and conditions of employment;

c.      that this court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had she not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had she not been denied the requested reasonable accommodation, together with interest on said amount from the date of Plaintiff's termination.

d.      that this Court order the Defendant to pay Plaintiff compensatory damages;

e.      that this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

f.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

g.      that this Court order such other and further relief as may be just and

equitable.

## COUNT VII
## FAMILY AND MEDICAL LEAVE ACT

### 29 U.S.C. §2601 et seq.

### TERMINATION

93.     Paragraphs 1 through 92 of this Complaint are incorporated herein by reference as

though set forth in full.

94.     Defendant violated the FMLA by failing to properly provide medical leave to

Plaintiff's, to which she was legally entitled, as a result of which he was terminated

95.     As a result of the actions of Defendant, Plaintiff has suffered monetary losses,

including, but not limited to, loss of wages and employment benefits.

96.     The aforesaid actions and omissions by Defendant are in violation of the

Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

97.     The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.      That this court order reinstatement of the Plaintiff to Plaintiff's former

employment with Defendant or in a position substantially equivalent to the former

employment, without loss of seniority or other benefits which would have accrued had there

not been a wrongful termination; or, in the alternative, entry of a money judgment against

Defendant awarding Plaintiff damages representing lost wages and other sums of money

including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful termination, together with interest on said amount from the date of Plaintiff's termination;

b.      That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

c.      That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

d.      That this Honorable Court order the Defendant to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

e.      That this Honorable Court award such other relief as may be just and equitable.

## COUNT VIII
## FAMILY AND MEDICAL LEAVE ACT

### 29 U.S.C. §2601 et seq.

### DENIAL OF LEAVE

98.      Paragraphs 1 through 97 of this Complaint are incorporated herein by reference as though set forth in full.

99.      Defendant violated the FMLA by denying to Plaintiff medical leave to which she was legally entitled.

100.    As a result of the actions of Defendant, Plaintiff has suffered monetary losses, including, but not limited to, loss of wages and employment benefits.

101.    The aforesaid actions and omissions by Defendant are in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

102.    The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands against the Defendant and prays:

a.    That this court order reinstatement of the Plaintiff to Plaintiff's former employment with Defendant or in a position substantially equivalent to the former employment, without loss of seniority or other benefits which would have accrued had there not been a denial of medical leave; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful  termination, together with interest on said amount from the date of Plaintiff's termination;

b.    That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

c.    That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

d.      That this Honorable Court order the Defendants to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

e.      That this Honorable Court award such other relief as may be just and equitable.

## COUNT IX
## FAMILY AND MEDICAL LEAVE ACT

### 29 U.S.C. §2601 et seq.

### INTERFERENCE AND OBSTRUCTION

103.    Paragraphs 1 through 102 of this Complaint are incorporated herein by reference as though set forth in full.

104.    Defendant violated the FMLA by interfering with, restraining, and denying the exercise of or the attempt to exercise rights under the FMLA, as prohibited by 29 USCA §2615(a)(1), by denying the requested medical leave.

105.    As a result of the actions of Defendant, Plaintiff has suffered monetary losses, including, but not limited to, loss of wages and employment benefits.

106.    The aforesaid actions and omissions by Defendant are in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

107.    The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

     a.     That this court order reinstatement of the Plaintiff to Plaintiff's former employment with Defendant or in a position substantially equivalent to the former employment, without loss of seniority or other benefits which would have accrued had there not been a wrongful termination; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful obstruction and/or interference with her rights under the FMLA, together with interest on said amount from the date of Plaintiff's termination;

     b.     That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

     c.     That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

     d.     That this Honorable Court order the Defendants to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

     e.     That this Honorable Court award such other relief as may be just and equitable.

## COUNT X
## Violation of the ADEA, 29 U.S.C. §623(a) and 29 U.S.C. 215
## Discrimination on Account of Age
## Termination

108.    Paragraphs 1 through 107 of this Complaint are incorporated herein by reference as though set forth in full.

109.    Plaintiff has complied with all jurisdictional prerequisites of 29 USC §626.

110.    The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendants and their  agents, servants, and employees.

111..    In particular, the termination of Plaintiff's employment was on account of her age.

112.    In light of the Defendant's willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of liquidated damages equal to the amount owing.

113.    The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant on account of her age, and therefore constitute a violation of the Age Discrimination in Employment Act, 29 USC §623(a).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.    That this court declare that the practices in which the Defendant have engaged are discriminatory and in violation of the ADEA;

25

b.      That this Court order the Defendant to pay Plaintiff back pay;

c.      That this Court order the Defendant to pay to Plaintiff liquidated damages;

d.      That this Court order the payment of pre-judgment interest;

e.      That this Court award Plaintiff reasonable attorneys' fees and the costs of this action;

f.      That this Court Order the Defendant to reinstate Plaintiff with all pay and benefits which Plaintiff would have received if the wrongful acts alleged herein had not occurred; or, if such an order is not feasible, that the Plaintiff be awarded front pay and an amount representing all benefits of employment Plaintiff would have received had the unlawful termination not occurred;

g.      That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

h.      That this Court order such other and further relief as may be just and equitable.

## COUNT XI

## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §955(a)
## Discrimination on Account of Age

## Termination

114.    Paragraphs 1 through 113 of this Complaint are incorporated herein by reference as though set forth in full.

115.    As a direct and proximate result of the unlawful discrimination as hereinbefore stated, the Plaintiff has suffered great mental anguish, embarrassment and humiliation.

116.    The unlawful employment practices hereinbefore stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955(a).

117..    In particular, the termination of Plaintiff's employment was on account of her age.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.      That this court declare that the practices in which the Defendant have engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a);

b.      That this Court order the Defendants to pay Plaintiff back pay and an amount representing all benefits of employment that would have been received had the unlawful termination not occurred;

c.       That this Court order the Defendant to pay to Plaintiff compensatory damages;

d.       That this Court Order the payment of pre-judgment interest;

e.       That this Court order the Defendant to pay the Plaintiff's reasonable attorneys' fees and the costs of this action;

f.       That this Court Order the Defendant to reinstate Plaintiff with all pay and benefits which Plaintiff would have received if the wrongful acts alleged herein had not occurred; or, if such an order is not feasible, that the Plaintiff be awarded front pay and an amount representing all benefits of employment Plaintiff would have received had the unlawful termination not occurred;

g.       That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

h.     That this Court order such other and further relief as may be just and

equitable.


RESPECTFULLY SUBMITTED:

By:     /s/ Kimberly D. Borland
        KIMBERLY D. BORLAND, ESQUIRE
        11th Floor, 69 Public Square
        Wilkes-Barre, PA 18701
        (570) 822-3311
        Attorney ID.#23673
        kborland@borlandandborland.com
        Attorney for Plaintiff



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW
LABOR AND INDUSTRY BUILDING
HARRISBURG, PENNSYLVANIA 17121
PHONE: 717-787-5122    FAX: 717-787-6125

BD-242
REV 3/12

JRM

ORDER

| APPEAL NO: | S. S. ACCT. NO: | DECISION NO. | ORDER MAILING DATE |
|---|---|---|---|
| B-20-09-A-3800 | 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 | R-620431 | AUGUST 13, 2020 |

| CONCERNING THE CLAIM OF: | EMPLOYER |
|---|---|
| DOROTHY K MARTIN<br>1114 MURRAY ST<br>FORTY FORT PA 18704 | AVANT PUBLICATIONS LLC<br>DBA TIMES LEADER<br>90 E MARKET ST<br>WILKES BARRE PA 18701 |

Appeal from Referee's decision (attached) filed by the employer.

The Unemployment Compensation Board of Review (Board), after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the Pennsylvania Unemployment Compensation Law (Law). The employer alleges that the claimant said she was quitting during their conversation on February 24, 2020, after which the claimant was shut out of the employer's email system. The Board finds credible the claimant's testimony that she never said she was quitting and only indicated that she was going to apply for FMLA leave. The claimant had no intention of quitting. Therefore, the Board adopts and incorporates the Referee's findings and conclusions, and enters the following order.

The decision of the Referee is affirmed.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW

Richard W. Bloomingdale, Chairman

Keren Putman, Member

Marguerite C. Quinn, Member



# VERIFICATION

I, Dorothy Martin, verify that the averments made in the foregoing averments in the Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Dorothy K. Martin

Date: feb. 23, 2022