IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOROTHY K. MARTIN,** | : | CIVIL ACTION |
| Plaintiff | : | JURY TRIAL DEMANDED |
| vs. | : | **THE HONORABLE** |
| | : | **ROBERT D. MARIANI, JUDGE** |
| **AVANT PUBLICATIONS, LLC d/b/a** | : | |
| **TIMES LEADER d/b/a TIMES** | : | NO.: 3:22-CV-00276 |
| **LEADER MEDIA GROUP,** | : | |
| Defendant | : | |

## <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)</u>

Respectfully submitted,
**VINSKO & ASSOCIATES, P.C.**
*S/William E. Vinsko, Jr., Esquire*
**WILLIAM E. VINSKO, JR., ESQUIRE**
Atty. ID:  87739
**BRIAN M. VINSKO, ESQUIRE**
Atty. ID:  210215
37 North River Street
Wilkes-Barre, PA  18701
Phone:  (570) 970-9700
Facsimile: (570) 970-9711
wvinsko@vinsko.com
bmvinsko@vinsko.com

ATTORNEYS FOR DEFENDANT
**AVANT PUBLICATIONS, LLC et. al.**

<u>Dated:</u>    **MAY 9, 2022**

## TABLE OF CONTENTS

I.    INTRODUCTION ………………………………………… 1

II.   PROCEDURAL HISTORY……………………………… 1

III.  STATEMENT OF QUESTIONS INVOLVED ………………… 2

IV.   FACTS ……………………………………………… 4

V.    LEGAL ARGUMENT ……………………………………… 8

      A. Legal Standard for a Motion to Dismiss ……………………… 8

      B. Plaintiff Fails to State a Cause of Action in <u>COUNT I</u> – Violation of the Americans With Disabilities Act Codified at 42 U.S.C. Section 12101 *et. seq.* (Discrimination On Account of Disability / Termination) as well as for <u>COUNT II</u> – Violation of the Pennsylvania Human Relations Act at 43 Pa. Section 955(a) (Discrimination On Account of Disability / Termination). …………………………… 11

      C. Plaintiff Fails to State a Cause of Action Relative to COUNT III - Alleged Violation of the Americans With Disabilities Act – Retaliation, and COUNT IV – Violation of the Pennsylvania Human Relations Act - Retaliation ………………………………………… 15

      D. Plaintiff Fails to State a Cause of Action Relative to COUNT V - Alleged Violation of the Americans With Disabilities Act – Failure to Accommodate, and COUNT VI – Violation of the Pennsylvania Human Relations Act – Failure to Accommodate. ………………… 18

      E. Plaintiff Fails to State a Cause of Action Relative to COUNT VII - Alleged Violation of the Family and Medical Leave Act – Termination;  COUNT VIII – Alleged Violation of the Family and Medical Leave Act – Denial of Leave; COUNT IX - Alleged Violation of the Family and Medical Leave Act – Interference and Obstruction ………………………………………….. 23

F.  Plaintiff Fails to State a Cause of Action Relative
to COUNT X - Alleged Violation of the ADEA –
Discrimination on Account of Age ……………………….        25

G.  Plaintiff Fails to State a Cause of Action Relative to
COUNT XI - Alleged Violation of the Pennsylvania
Human Relations Act – Discrimination on Account of Age..        26

VI.    CONCLUSION …………………………………………        27

# TABLE OF AUTHORITIES

## STATUTES

Fed. Rule. Civ. Pro 8 ……………………………………….. 13, 15

Fed. Rule. Civ. Pro 12 ……………………………………….. 1, 2, 8, 9, 11
                                                                          12,

43 P.S. § 955 …………………………………………………. 1

42 U.S.C. §12101 ……………………………………………….. 17

42 U.S.C. §12102 ……………………………………………….. 18, 19

42 U.S.C.A. § 12203(a) ………………………………………… 16


## CASES

Airborne Beepers & Video, Inc. v AT&T Mobility, LLC,
499 F.3d 663, 667 (7th Cir. 2007) …………………………… 13

Armstrong v. Burdette Tomlin Mem'l Hospital, 438 F.3d 240,
247 (3rd Cir. 2006) …………………………………………… 19

Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937,
1949, 173 L.Ed.2d 868 (2009) …………………………………… 9

Ashford v. Francisco, No. 1:19-CV-1365, 2019 WL 4318818,
at *2 (M.D. Pa. Sept. 12, 2019) ……………………………… 11

Atchison v. Sears, 666 F.Supp.2d 477 (E.D. Pa. 2009) …………… 24

Aubrey v. City of Bethlehem, Fire Dep't, 466 F. App'x 88,
91 (3d Cir. 2012) ………………………………………………… 8, 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007) …………………………………………… 9, 10, 12, 13

iii

Briggs v. Temple University, 339 F. Supp.3d 466 (E.D. Pa 2018) ….   26

Buskirk v. Apollo Metals, 307 F.3d 160, 166 & n.1 (3rd Cir. 2002) ..   12

Burton v. Teleflex, Inc., 707 F.3d 417, 426 (3rd Cir. 2013)………….   27

Canteen Corp. v. Pennsylvania Human Relations Commission,
814 A.2d 805 (Pa. Cmwlth. 2003) …………………………………   22

Carter v. Mid-Atl. Healthcare, LLC, 228 F.Supp. 3d 495,
503 (E.D. Pa 2017) ……………………………………………….   26

Centennial School District v. Phil L. ex. rel. Matthew L.,
559 F. Supp.2d 634 (E.D. Pa. 2008) ………………………………..   12

Colwell v. RiteAid Corp, 602 F.3d 495 (3rd Cir. 2010) ……………   19, 21, 22

Davis v. Tammac Corp., 127 F.Supp.2d. 625, 633 (M.D. Pa. 2000)…   27

DeCicco v. Mid-Atl. Healthcare, LLC, 275 F. Supp.3d 546,
554 (E.D. Pa. 2017) ……………………………………………….   26

Edgar v. Avaya, Inc., 503 F.3d 340, 349 (3rd Cir. 2007) ……………   12

Emmell v. Phoenixville Hospital Company, LLC,
303 F. Supp. 3d. 314 (E.D. Pa 2018) ………………………………   19, 21, 22

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197,
167 L.Ed. 2d 1081 (2007) ………………………………………..   13

Funco Constr. Corp. v. Waters, 438 U.S. 567, 576-578,
98 S.Ct. 2943, 2949-2950, 57 L.Ed.2d 957 (1978) …………………   25

Giuliani v. Polysciences, Inc., 275 F. Supp.3d 564 (E.D. Pa 2017)…   27

Gould Elects v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ….   8

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764,
772 (3d Cir. 2013) ………………………………………………..   9

Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701,
123 L.Ed.2d 338 (1993) …………………………………………   25, 26

Hodson v. Alpine Manor, Inc., 512 F.Supp. 373 (W.D. Pa 2007)…..   19

Johnson v. Community College of Allegheny County,
566 F. Supp.2d. 405, 236 Ed. Law Rep. 473 (W.D. PA 2008)  ……..   18

Kroptavich v. Pennsylvania Power and Light Co.,
795 A.2d 1048, 2002 Pa. Super. 87 (2002) …………………………   26

Krouse v. American Sterilizer Co., 126 F.3rd 494 (3rd Cir. 2003) …..   16, 18

Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010) ……………..   8, 9

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93. S.Ct. 1817,
 36 L.Ed.2d 668 (1973) …………………………………………...   27

Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)……   10, 12, 13

Reinhart v. Mineral Techs, Inc., 2006 WL 4050695 (E.D. Pa 2006)..   24

Renna v. PPL Electric Utilities, Inc., 207 A.3d 355,
2019 Pa. Super. 100 (2019). ………………………………………..   15, 18

Ross v. Gilhuly, 755 F.3d 185 (3rd Cir. 2014). ……………………..   25

Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000)…..   8

Showers v. Endoscopy Center of Central Pennsylvania, LLC,
58 F. Supp. 3d 446 (M.D. Pa. 2014) ……………………………….   11, 14, 15

Schellenberger v. Summit Bankcorp, Inc., 318 F.3d 183, 191
(3rd Cir. 2003) ……………………………………………………   17

Sowell v. Kelly Services, Inc., 139 F.Supp.3d 684 (ED Pa 2015)….   17

Stultz v. Reese Brothers, Inc., 835 A.2d 754,
2003 Pa. Super 408 (2003). …………………………………………   18, 19, 21, 22

Sulima v. Tobyhanna Army Depot, 602 F.3d 177,
185 (3rd Cir. 2010) …………………………………………………   11, 17

Taylor v. Phoenixville School District, 184 F.3d 296,
332 (3rd Cir. 1999) …………………………………………………..   19, 20

Texas Department of Community Affairs v. Burdine, 450 U.S. 248
, 252-256, 101 S.Ct. 1089, 1093-1095, 67 L.Ed.2d 207 (1981) …..   25

Thourot v. Monroe Career & Tech. Inst., No. CV 3:14-1779,
2016 WL 6082238, at (M.D. Pa. Oct. 17, 2016) …………………..   10

United States v. Gertsman, No. 15-8215, 2016 WL 4154916,
at *3 (D.N.J. Aug. 4, 2016) …………………………………….   9

United States Postal Service Board of Governors v. Aikens,
460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) ……………   25

Weidenhof v. Zimmer Inc., No. 1:16-CV-2105, 2018 WL 7106980,
at 3 (M.D. Pa. Dec. 28, 2018) …………………………………..   8

## I.   <u>INTRODUCTION</u>

The Defendant, **AVANT PUBLICATIONS, LLC D/B/A/ TIMES LEADER D/B/A TIMES LEADER MEDIA GROUP** (the "**Defendant**" or "**Avant**"), respectfully files this Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter the "**Motion**").

The Plaintiff, **DOROTHY K. MARTIN** (hereinafter "**Martin**" or "**Plaintiff**") alleges discrimination under the Age Discrimination in Employment Act ("**ADEA**"), the Americans with Disabilities Act ("**ADA**"), Title I of the Family and Medical Leave Act of 1993 ("**FMLA**"), and the Pennsylvania Human Relations Act ("**PHRA**"), along with jurisdiction over any pendent state claims under the Pennsylvania Human Relations Act, 43 P.S. § 955(a) and (d).

## II.   <u>PROCEDURAL HISTORY</u>.

Martin filed a Complaint in the above-referenced matter on February 23, 2022 alleging the following claims and causes of action:  <u>COUNT I</u> – Violation of Americans with Disabilities Act – Discrimination on Account of Disability Termination; <u>COUNT II</u> – Violation of Pennsylvania Human Relations Act – Discrimination on Account of Disability Termination; <u>COUNT III</u> – Violation of the Americans with Disabilities Act – Retaliation;  <u>COUNT IV</u> – Violation of the

Pennsylvania Human Relations Act – Retaliation;  COUNT V – Violation of the Americans with Disabilities Act – Failure to Accommodate; COUNT VI – Violation of the Pennsylvania Human Relations Act – Failure to Accommodate; COUNT VII – Violation of the Family and Medical Leave Act – Termination; COUNT VIII – Violation of the Family and Medical Leave Act – Denial of Leave; COUNT IX – Violation of the Family and Medical Leave Act – Interference and Obstruction; COUNT X – Violation of the Age Discrimination in Employment Act ("**ADEA**") – Discrimination on Account of Age; COUNT XI – Violation of the Pennsylvania Human Relations Act – Discrimination on Account of Age (hereinafter the "**Complaint**").

Avant filed a Motion to Dismiss under Rule 12(b)(6) on April 25, 2022 and this Memorandum of Law is being filed in support of the same.

III.   **STATEMENTS OF THE QUESTIONS INVOLVED**

1.   Should Count I of the Complaint (Violation of Americans with Disabilities Act – Discrimination on Account of Disability Termination) be dismissed for failure to state a claim?

SUGGESTED ANSWER:     **YES.**

2

2.     Should Count II of the Complaint (Violation of Pennsylvania Human Relations Act – Discrimination on Account of Disability Termination) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

3.     Should Count III of the Complaint (Violation of the Americans with Disabilities Act – Retaliation) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

4.     Should Count IV of the Complaint (Violation of the Pennsylvania Human Relations Act – Retaliation) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

5.     Should Count V of the Complaint (Violation of the Americans with Disabilities Act – Failure to Accommodate) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

6.     Should Count VI of the Complaint (Violation of the Pennsylvania Human Relations Act – Failure to Accommodate) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

7.     Should Count VII of the Complaint (Violation of the Family and Medical Leave Act – Termination) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

8.      Should Count VIII of the Complaint (Violation of the Family and Medical Leave Act – Denial of Leave) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

9.      Should Count IX of the Complaint (Violation of the Family and Medical Leave Act – Interference and Obstruction) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

10.     Should Count X of the Complaint (Violation of the Age Discrimination in Employment Act– Discrimination on Account of Age) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**

11.     Should Count XI of the Complaint (Violation of the Pennsylvania Human Relations Act – Discrimination on Account of Age) be dismissed for failure to state a claim?

SUGGESTED ANSWER:          **YES.**


**IV.   <u>FACTS</u>**

The Defendant relies – as they must – on the following facts as presented by Martin in the Complaint:

Martin was employed by the Avant, the parent company of the local newspaper, *The Times Leader*, in various capacities since 2007, and periodically since 1978.  (***Doc. 1,*** Paragraph 16).  As of 2020, the timeframe during which the

4

issues outlined in the Complaint allegedly occurred, Martin was an editor.  (*Doc. 1*, Paragraph 17).  At some point in time, which is not outlined in the Complaint, Martin developed arthritis and "had and continues to have physiological impairments, resulting in substantial limitations of Plaintiff's major life activities, including walking and standing."  (*Doc. 1*, Paragraph 19).  The Complaint argues that Avant was aware of this diagnosis and, further that Avant had a record of Martin having a disability (*Doc. 1*, Paragraphs 20, 21), but does not aver when or how Avant was made aware of any alleged disability.

Martin was working from home since in or about 2017 (*Doc. 1*, Paragraph 25), but on February 7, 2020, Avant began to require Martin to work from the Times Leader Offices in Wilkes-Barre, Pennsylvania effective on February 10, 2020 (*Doc. 1*, Paragraph 26).  The Complaint then reads that on February 8, 2020, Martin "requested from Defendant the reasonable accommodation of being permitted to continue to work from home."  (*Doc. 1*, Paragraph 29).  Further, the Complaint then states that – on the same day – Martin advised Avant that "she would provide Defendant with a note from her doctor regarding the necessity of her working from home."  (*Doc. 1*, Paragraph 30).  There is nothing in the Complaint that states that Martin provided medical information from her doctor that she had a disability, nor that she noticed Avant of the existence of a disability.  Instead, the Complaint then reads that on February 12, 2020 the "Plaintiff learned that the Defendant had denied

her timely and properly made request for vacation time." (***Doc. 1***, Paragraph 33). The Complaint does not state when or how Martin allegedly made a request for vacation time, but then argues, without any supporting averment or facts, that "Defendant denied Plaintiff's vacation request in retaliation for her request for the reasonable accommodation of being permitted to perform her duties from home." (***Doc. 1***, Paragraph 35).

On February 14, 2020, Avant issued Martin a written reprimand for failing to work at the Times Leader office in Wilkes-Barre on February 10, 2020 and for failing to provide any medical note. (***Doc. 1***, Paragraph 36). It was only after this reprimand occurred that a medical note was allegedly provided to Avant (***Doc. 1***, Paragraph 37), yet there remains no averment in the Complaint as to whether the medical note confirmed the existence of a disability or that the disability required a reasonable accommodation.

According to the Complaint, Martin took no further action and made no further requests of Avant until February 20, 2020 when she allegedly asked for FMLA *paperwork* from Avant's director of human resources. (***Doc. 1***, Paragraph 38). There is no averment in the Complaint as to *when* or *if* actual leave was requested by Martin from Avant, but the Complaint then states that Avant "failed and refused to grant Plaintiff her requested medical leave under FMLA…" (***Doc. 1***,

Paragraph 45).   The Complaint then alleges that Avant terminated Martin on February 24, 2020.  (***Doc. 1***, Paragraph 46).

## V.  LEGAL ARGUMENT

### A.  Standard of Review on a Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims.  *See* Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail.  Id. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See* Gould Elects v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

"A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)." Weidenhof v. Zimmer Inc., No. 1:16-CV-2105, 2018 WL 7106980, at 3 (M.D. Pa. Dec. 28, 2018), report and recommendation adopted, No. 1:16-CV-02105, 2019 WL 330176 (M.D. Pa. Jan. 25, 2019).  " When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  Id, *citing* Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir.

2010).  *See also* <u>Aubrey v. City of Bethlehem, Fire Dep't</u>, 466 F. App'x 88, 91 (3d Cir. 2012) ("In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them"); <u>United States v. Gertsman</u>, No. 15-8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting <u>Guidotti v. Legal Helpers Debt Resolution, L.L.C.</u>, 716 F.3d 764, 772 (3d Cir. 2013)).

"In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." <u>Id</u>. at 230.   To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted).

First, district courts are to "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007))); <u>Thourot v. Monroe Career & Tech. Inst.</u>, No.

CV 3:14-1779, 2016 WL 6082238, at (M.D. Pa. Oct. 17, 2016) (explaining that "[a]

formulaic recitation of the elements of a cause of action" alone will not survive

a motion to dismiss). Though "legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679,

129 S.Ct. 1937.

Second, if a complaint contains "well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to

an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679, 129 S.Ct. 1937. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct

alleged." <u>Id</u>. at 678, 129 S.Ct. 1937. This standard, commonly referred as the

"plausibility standard," "is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citing <u>Twombly</u>, 550 U.S. at 556-57, 127 S.Ct. 1955). It is only

where the "[f]actual allegations ... raise a right to relief above the speculative level"

that the plaintiff has stated a plausible claim. <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d

224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955).

Putting these steps together, the Court's task in deciding

a motion to dismiss for failure to state a claim is to determine whether based upon

the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679, 129 S.Ct. 1937; Ashford v. Francisco, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out sufficient factual matter to show that its claims are facially plausible.").

**B.    Plaintiff Fails to State a Cause of Action in <u>COUNT I</u> - Violation of the Americans With Disabilities Act Codified at 42 U.S.C. Section 12101 *et. seq.* (Discrimination On Account of Disability / Termination) as well as for <u>COUNT II</u> - Violation of the Pennsylvania Human Relations Act at 43 Pa. Section 955(a) (Discrimination On Account of Disability / Termination).**

To establish a *prima facie* claim for failure to accommodate under Americans with Disabilities Act ("**ADA**") or the Pennsylvania Human Relations Act ("**PHRA**"), the plaintiff must demonstrate that (1) she is disabled within the meaning of the ADA; (2) that she is otherwise qualified for the job, with or without reasonable accommodations, and (3) that she was subjected to an adverse employment decision as a result of discrimination.  Showers v. Endoscopy Center of Central Pennsylvania, LLC, 58 F. Supp. 3d 446 (M.D. Pa. 2014); Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3rd Cir. 2010).  It is noted that courts generally construe the PHRA in a manner consistent with the federal anti-discrimination statutes, so where the complaint fails to state a claim in the federal context, it will also fail to state a claim

in the state context.  <u>Buskirk v. Apollo Metals</u>, 307 F.3d 160, 166 & n.1 (3rd Cir.

2002).

A court must dismiss the complaint if the plaintiff "does not plead all of the

essential elements of his or her legal claim…"  <u>Edgar v. Avaya, Inc.</u>, 503 F.3d 340,

349 (3rd Cir. 2007).  In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the

United States Supreme Court ruled that a plaintiff must assert more that labels and

conclusions, and that a well-pleaded complaint must include facts that raise the right

to relief above the "speculative level:"

> "While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ***Factual allegations must be enough to raise a right to relief above the speculative level***, on the assumption that the allegations in the complaint are true (even if doubtful in fact)…"

<u>Id</u>. at 555-56 (emphasis added; internal citations admitted).   Moreover, this

Honorable Court is not required to credit bald assertions or legal conclusions in a

complaint.  <u>Centennial School District v. Phil L. *ex. rel.* Matthew L.</u>, 559 F. Supp.2d

634 (E.D. Pa. 2008).  In <u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3rd Cir.

2008), the Third Circuit provided a framework for applying the <u>Twombly</u> decision:

> "The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating ….a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does

> not impose a probability requirement at the leading stage, but simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'"

Id. at 234 (internal quotations and citations omitted).  Therefore, while Federal Rule of Civil Procedure 8 calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," the Third Circuit has specifically noted that the Twombly court called for a pleading beyond a "speculative level" in order to meet the requirements of Rule 8:

> "Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case – some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests.  Twombly, 127 S.Ct. at 1964.  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007), together, *we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide defendant the type of notice of claim which is contemplated by Rule 8.*  See Airborne Beepers & Video, Inc. v AT&T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."

Phillips, 515 F.3d at 232 (emphasis added).

In this instant case, the facts as pled do not show that there was a causal connection between an alleged disability and the termination.  (See Complaint, ***Doc. 1***, generally).  <u>Showers v. Endoscopy Center of Central Pennsylvania, LLC</u>, 58 F. Supp. 3d 446 (M.D. Pa. 2014).  For example, there is a significant question as to whether the Plaintiff actually provided notice of an alleged disability to the Defendant, which is more fully outlined in Section D of this instant Memorandum of Law, but remains relevant here.  The Complaint then reads that the Plaintiff provided a doctor's Note on or about February 14, 2020 (***Doc. 1***, Paragraph 37); requested Family Medical Leave Act ("**FMLA**") paperwork on February 20, 2020 (***Doc. 1***, Paragraph 38); and that Defendant was terminated by the Plaintiff on February 24, 2020 (***Doc. 1***, Paragraph 46).  The Complaint then confirms that the Plaintiff was terminated by the Defendant "on account of her age" (***Doc. 1***, Paragraphs 67 and 68); and that the Defendant terminated the Plaintiff in retaliation for her request for medical leave under the FMLA (***Doc. 1***, Paragraph 69).  Thereafter, the Complaint alleges that the termination was on account of her disability.  (See ***Doc. 1***, Paragraph 62).  The Complaint, however, does not outline that the doctor's note provided on February 14, 2020 alleged, confirmed or even raised a disability concern.  (See ***Doc. 1***, generally).  To the contrary, the averment states only that the doctor's note was "regarding the necessity of her working from home."  (See ***Doc. 1***, Paragraph 30).

14

Similarly, the Complaint does not have any averment(s) that the Plaintiff ever notified the Defendant of any alleged disability.  (See ***Doc. 1***, generally).  Instead, the Complaint alleges simply that the Plaintiff allegedly had a disability (see ***Doc. 1***, Paragraphs 20, 21, 22), requested vacation time which was denied (see ***Doc. 1***, Paragraphs 33, 34 and 35); that she was reprimanded for not working from the office (see ***Doc. 1***, Paragraph 38); that she requested FMLA paperwork on February 20, 2020 (see ***Doc. 1***, Paragraph 38); and then she was terminated on February 24, 2020 (see ***Doc. 1***, Paragraph 46).  The facts are completely undeveloped to provide the Defendant type of notice of claim which is contemplated by Rule 8.  Phillips v. County of Allegheny, 515 F.3d 224 (3rd Cir. 2008).  Since the facts are insufficient to meet the elements of the claim, most particularly that the Plaintiff was subject to an adverse employment decision as a result of the alleged disability discrimination, these claims (Counts I and II) must be dismissed with prejudice.  Showers v. Endoscopy Center of Central Pennsylvania, LLC, 58 F. Supp. 3d 446 (M.D. Pa. 2014).

**C.    Plaintiff Fails to State a Cause of Action Relative to COUNT III - Alleged Violation of the Americans With Disabilities Act – Retaliation, and COUNT IV – Violation of the Pennsylvania Human Relations Act - Retaliation.**

Similar to the other mirrored claims in the ADA and PHRA context, the dual claims for Retaliation under the ADA (Count III) and the PHRC (Count IV) use the same legal analysis for establishing a *prima facie* case.  Renna v. PPL Electric

15

Utilities, Inc., 207 A.3d 355, 2019 Pa. Super. 100 (2019).  As a result, the analysis

as to why the counts should be dismissed will be for both counts.

First, 42 U.S.C.A. § 12203(a) reads as follows:

> "No person shall discriminate against any individual
> because such individual has opposed any act or practice
> made unlawful by this chapter or because such individual
> made a charge, testified, assisted, or participated in any
> manner in an investigation, proceeding, or hearing under
> this chapter."

Further, to establish a *prima facie* claim for retaliation under the ADA, the

employee must show (1) the employee engaged in a protected activity; (2) adverse

action by the employer either after or contemporaneous with the employee's

protected activity; and (3) a causal connection between the employee's protected

activity and the employer's adverse action.  Krouse v. American Sterilizer Co., 126

F.3rd 494 (3rd Cir. 2003).

In the instant case, the Complaint does not identify or make any averment or

claim that Martin was engaged in a protected activity.  (***Doc. 1***).  Martin was not

charging, testifying, assisting or participating in any investigation, proceeding or

hearing under this chapter.  *See* 42 U.S.C.A. § 12203(a).  However, the Complaint

reads that "[t]he unlawful employment practices hereinbefore stated were intentional

and discriminatory towards the Plaintiff on account of ***engaging in a protected***

*activity* under the statute, on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq*." (emphasis added).

It is acknowledged that requesting an accommodation is a protected employee activity under the ADA. <u>Sowell v. Kelly Services, Inc.</u>, 139 F.Supp.3d 684 (ED Pa 2015); <u>Schellenberger v. Summit Bankcorp, Inc.</u>, 318 F.3d 183, 191 (3rd Cir. 2003); <u>Sulima v. Tobyhanna Army Depot</u>, 602 F.3d 177, 185 (3rd Cir. 2010). However, the Complaint, as pled, requires this Honorable Court to look at the timeline outlined therein, which makes it impossible for recovery. First, the Complaint states that Martin made a request for a "reasonable accommodation" on February 8, 2020 (***Doc. 1***, Paragraph 29), but then refers to the "request" as a request for "vacation time." (***Doc. 1***, Paragraph 34). Then, in the next paragraph, the Complaint claims that the "vacation request" was denied "in retaliation for her request for the reasonable accommodation of being permitted to perform her duties at home." (***Doc. 1***, Paragraph 35). It is unclear what the "reasonable request" was, and it becomes even more questionable when the Complaint admits that the medical note did not come until February 14, 2020. (***Doc. 1***, Paragraph 37). Therefore, Avant's actions could absolutely be considered reasonable and not a violation of the ADA or the PHRA.

Similarly, without clarity as to what was requested – a reasonable accommodation to stay home or vacation time - there is no averment that establishes a causal connection between the employee's protected activity and the employer's

adverse action.  Krouse v. American Sterilizer Co., 126 F.3rd 494 (3rd Cir. 2003).  In

the absence of proof that a causal connection exists between the employee discipline

and the protected activity of the plaintiff from the evidence gleaned from the record

as a whole, *the trier of fact should infer that the employer had cause* in a retaliation

claim.  Renna v. PPL Electric Utilities, Inc., 207 A.3d 355, 2019 Pa. Super. 100

(2019).  As a result, in this context, when reading the Complaint as a whole, the facts

are not clear nor properly outlined to establish a *prima facie* case for retaliation under

the ADA and/or the PHRA.  Therefore, the Defendant requests that this Honorable

Court dismiss Counts III and IV of the Complaint with prejudice.

> **D.  Plaintiff Fails to State a Cause of Action Relative to COUNT V -
> Alleged Violation of the Americans With Disabilities Act – Failure
> to Accommodate, and COUNT VI – Violation of the Pennsylvania
> Human Relations Act – Failure to Accommodate.**

To establish a *prima facie* claim for failure to accommodate under Americans

with Disabilities Act (ADA), the plaintiff must show that (1) she had a disability; (2)

that the Defendant had notice of her disability; (3) she could perform essential

functions of her position with reasonable accommodation and (4) that the defendant

failed to provide her with reasonable accommodation.  42 U.S.C.A. § 12102(2);

Johnson v. Community College of Allegheny County, 566 F. Supp.2d. 405, 236 Ed.

Law Rep. 473 (W.D. PA 2008); Stultz v. Reese Brothers, Inc., 835 A.2d 754, 2003

Pa. Super 408 (2003).  Pennsylvania and federal law have required that the plaintiff

put the employer on notice that she has a disability in order to "trigger an employer's duty to participate in the interactive process for finding a reasonable accommodation under the ADA. <u>Stultz v. Reese Brothers, Inc.</u>, 835 A.2d 754, 2003 Pa. Super 408 (2003) citing 42 U.S.C.A. § 12101, *et. seq.* The law does not require the "specific names or details" of the condition, but there must be an active attempt to put the employer on notice that a disability exists. <u>Id.</u> The good-faith effort of the employer to engage in the interactive process to determine a reasonable accommodation comes after notice is provided by the plaintiff. <u>Id.</u>; <u>Emmell v. Phoenixville Hospital Company, LLC</u>, 303 F. Supp. 3d. 314 (E.D. Pa 2018); <u>Colwell v. RiteAid Corp</u>, 602 F.3d 495 (3rd Cir. 2010). In <u>Colwell</u>, the Third Circuit stated:

> "[T]he employee has effectively requested accommodation when he or she has provided the employer with sufficient information to know of the employee's disability and desire for accommodation or when circumstances would cause a 'reasonable employer to make appropriate inquiries about the possible need for an accommodation.'"

<u>Colwell</u>, 602 F3d at 506, *citing* <u>Taylor v. Phoenixville School District</u>, 184 F.3d 296, 332 (3rd Cir. 1999); <u>Armstrong v. Burdette Tomlin Mem'l Hospital</u>, 438 F.3d 240, 247 (3rd Cir. 2006).

The burden of initiation of the interactive process is on the employee (plaintiff) by providing notice of her disability and requesting an accommodation for it. <u>Hodson v. Alpine Manor, Inc.</u>, 512 F.Supp. 373 (W.D. Pa 2007); <u>Taylor v.</u>

Phoenixville School District, 184 F.3d 296, 332 (3rd Cir. 1999).  While there are no "magic words" or specific language to be used, the plaintiff must **make it clear** that she has a disability and wants assistance for it.  Id. (emphasis added).  Again, the notice of the disability and the request for the accommodation is the start of the interactive process between the employee and employer, and they are prerequisites for the employer to engage.  Id.

In this case, the Plaintiff has asserted only three (3) averments and/or facts in the Complaint (***Doc. 1***) relative to the Defendant's alleged understanding of the alleged disability:

> "20.   At all times relevant hereto, Defendant was aware of Plaintiff's diagnosis and physiological impairments.
>
> 21.   Plaintiff has a record of having a disability.
>
> 22.   Defendant regarded and regards Plaintiff has having a disability."

(See Compliant, ***Doc. 1***, Paragraphs 20, 21 and 22).

Thereafter, the Complaint (***Doc 1***) outlines the following:

> "29.   On Saturday, February 8, 2020, Plaintiff requested from Defendant the reasonable accommodation of being permitted to continue to work from home.
>
> 30.   On February 8, 2020, Plaintiff informed Defendant that she would provide Defendant with a note from her doctor regarding the necessity of her working from home."

(See Compliant, ***Doc. 1***, Paragraphs 29 and 30).

However, the Complaint (***Doc 1***) does not outline nor state any reference to the Defendant being placed on notice of the alleged disability.   (See ***Doc. 1***, generally).   In reality, the Complaint confirms that on February 8, 2020, the Plaintiff informed Defendant that she would provide the Defendant with a note from her doctor regarding "the necessity of her working from home."   (See Complaint, ***Doc. 1***, Paragraph 29).   That averment does not, in any way, confirm that notice was provided of a disability.   Additionally, there is nothing in the Complaint to show that the Defendant was aware of the alleged disability through the required notices. Stultz v. Reese Brothers, Inc., 835 A.2d 754, 2003 Pa. Super 408 (2003) citing 42 U.S.C.A. § 12101, *et. seq.*; Emmell v. Phoenixville Hospital Company, LLC, 303 F. Supp. 3d. 314 (E.D. Pa 2018); Colwell v. RiteAid Corp, 602 F.3d 495 (3rd Cir. 2010). Similarly, the Complaint reads that the Defendant directed the Plaintiff to work from the Defendant's Wilkes-Barre office on February 7, 2020.   (See Complaint, ***Doc. 1***, Paragraph 26).   The next day, February 8, 2020, according to the Complaint, the Plaintiff requested an accommodation and said she would produce a doctor's note. (See Complaint, ***Doc. 1***, Paragraph 27).   Then, the Plaintiff claims that she requested "vacation time", and argues that the "vacation time" was denied – not a reasonable accommodation for an alleged disability that the Defendant clearly was unaware of. (See Complaint, ***Doc. 1***, Paragraphs 33, 34 and 35).   In fact, the Plaintiff has alleged that the "reasonable accommodation" is "vacation time."   (See Complaint, ***Doc. 1***,

21

Paragraph 35).  The Complaint is unclear as to when, if at all, "vacation time" was requested, and the purpose for which the Plaintiff sought "vacation time."  This is relevant because none of the averments, taken singularly or cumulatively, even when taken in the light most favorably to the Plaintiff, establish – or even raise - the second required prong under the ADA Claim, which is notice to the Defendant. Stultz v. Reese Brothers, Inc., 835 A.2d 754, 2003 Pa. Super 408 (2003) citing 42 U.S.C.A. § 12101, *et. seq*.; Emmell v. Phoenixville Hospital Company, LLC, 303 F. Supp. 3d. 314 (E.D. Pa 2018); Colwell v. RiteAid Corp, 602 F.3d 495 (3rd Cir. 2010). Therefore, it is clear that the Complaint fails to state a claim upon which relief can be granted.  The Defendant respectfully requests that this Honorable Court dismiss this claim (Count V) with prejudice.

The analysis for failure to accommodate in the Pennsylvania Human Relations Act context follows the same analysis as outlined above in the ADA context. Canteen Corp. v. Pennsylvania Human Relations Commission, 814 A.2d 805 (Pa. Cmwlth. 2003).   The Court in Canteen confirmed that "the reasonable accommodation analysis" is the proper standard to be applied to determine whether an employer has engaged in disability discrimination under the PHRA.  Id.

Since the analysis is the same under both federal and state statute claims, the fact that the Complaint fails to provide an averment that notice was provided to the

Defendant also precludes recovery under Count VI of the Complaint.  This Claim should also be dismissed with prejudice.

    **E.**    **Plaintiff Fails to State a Cause of Action Relative to COUNT VII - Alleged Violation of the Family and Medical Leave Act – Termination;  COUNT VIII - Alleged Violation of the Family and Medical Leave Act – Denial of Leave; COUNT IX - Alleged Violation of the Family and Medical Leave Act – Interference and Obstruction.**

As stated herein throughout this Memorandum, the timeline set forth in this Complaint is significant as to whether the Plaintiff can establish a *prima facie* case under Counts VII, VIII and IX.  Specifically, the relevant timeline is as follows:

• <u>February 8, 2020</u> – Martin requests a "reasonable accommodation" (***Doc. 1***, Paragraph 29)

• <u>February 10, 2020</u> – Times Leader requests a doctor's note (***Doc. 1***, Paragraph 31)

• <u>February 10, 2020</u> – Martin fails to report to Wilkes-Barre Office (***Doc. 1***, Paragraph 32)

• <u>February 12, 2020</u> – Times Leader allegedly denies her "vacation time"  (***Doc. 1***, Paragraph 33)

• <u>February 14, 2020</u> – Times Leader issues a written reprimand to Martin. (***Doc. 1***, Paragraph 36)

• <u>February 14, 2020</u> – Martin provides a doctor's note (***Doc. 1***, Paragraph 37)

• Between February 15, 2020 and February 20, 2020 – no action by Martin, including any requests for FMLA.

• <u>February 20, 2020</u> – Martin requests FMLA paperwork for the first time, but does not request time off under FMLA.  (***Doc. 1***, Paragraph 38)

• <u>February 24, 2020</u> – Martin is allegedly terminated.  (***Doc. 1***, Paragraph 46)

An employee is not entitled to a right, benefit or position to which the employee would not have been entitled had the employee not taken the leave. <u>Atchison v. Sears</u>, 666 F.Supp.2d 477 (E.D. Pa. 2009).  According to Martin's own Complaint, on February 14, 2020, *before Martin provided a medical note,* Martin was given a written reprimand for failing to appear at the Wilkes-Barre office on February 10, 2020 and for failing to provide a doctor's note.  (***Doc. 1***, Paragraph 36). No FMLA violation can occur where an employer has already decided to take the adverse action, including termination.  <u>Id</u>.; <u>Reinhart v. Mineral Techs, Inc.</u>, 2006 WL 4050695 (E.D. Pa 2006).  Notwithstanding the foregoing, even at that point, according to the Complaint, Martin did not even request FMLA paperwork until February 20, 2020 – 6 days later.  (***Doc. 1***, Paragraph 38).  Therefore, there could not have been any violation of the FMLA for denial of leave (Count VIII) nor for interference and obstruction (Count IX) as pled.  As for the alleged violation of the FLMA for termination (Count VII), the Complaint does not allege that Martin actually filed for or requested FMLA leave, just the paperwork from Avant.  (***Doc. 1***, Paragraph 38).  There is nothing in the Complaint showing that Martin actually filed for leave, and, therefore, there cannot be a claim that Avant withheld any

FMLA entitlement.  Without such a series of events, there cannot be a claim for FMLA termination.  <u>Ross v. Gilhuly</u>, 755 F.3d 185 (3rd Cir. 2014).  As a result, Counts VII, VIII and IX fail as a matter of law and must be dismissed with prejudice.

**F.   Plaintiff Fails to State a Cause of Action Relative to COUNT X - Alleged Violation of the ADEA – Discrimination on Account of Age.**

Martin claims in part of her Complaint that the motivation for the alleged termination was Martin's age. (**_Doc. 1_**, Paragraphs 67, 68).  However, Martin states also that the termination was "on account of her disability" (**_Doc. 1_**, Paragraph 62) and "in retaliation for her request for reasonable accommodation." (**_Doc. 1_**, Paragraph 62).  In a disparate treatment claim, such as this, liability depends on whether the protected trait (age discrimination) actually motivated the employer's decision.  <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); <u>United States Postal Service Board of Governors v. Aikens</u>, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-256, 101 S.Ct. 1089, 1093-1095, 67 L.Ed.2d 207 (1981); <u>Funco Constr. Corp. v. Waters</u>, 438 U.S. 567, 576-578, 98 S.Ct. 2943, 2949-2950, 57 L.Ed.2d 957 (1978).  The courts have said that whatever the decision-making process is, a disparate treatment claim cannot succeed unless the employee's protected trait *actually played a role* in that process and had a determinative

influence on the outcome.  Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

Further, Martin claims only that her duties were assigned to "younger, less qualified editors."  (**Doc. 1**, Paragraphs 51, 52).  However, case law has states that an age differential of five years or less is insufficient to establish a *prima facie* case for age discrimination in this circuit.  Briggs v. Temple University, 339 F. Supp.3d 466 (E.D. Pa 2018)(emphasis added); Carter v. Mid-Atl. Healthcare, LLC, 228 F.Supp. 3d 495, 503 (E.D. Pa 2017); DeCicco v. Mid-Atl. Healthcare, LLC, 275 F. Supp.3d 546, 554 (E.D. Pa. 2017).  Martin fails to provide any information or averment as to the relative age of the alleged "younger" editors, which prohibits this court from permitting the claim to proceed since this circuit has established a minimum age differential.  Id.  As a result, the claim under the AEDA must be dismissed with prejudice.

G.    **Plaintiff Fails to State a Cause of Action Relative to COUNT XI - Alleged Violation of the Pennsylvania Human Relations Act – Discrimination on Account of Age.**

Similar to the other mirrored state claims, a cause of action based on age discrimination in Pennsylvania are analyzed under the same standards as their federal counterparts.  Kroptavich v. Pennsylvania Power and Light Co., 795 A.2d 1048, 2002 Pa. Super. 87 (2002).  While the burden of presenting a *prima facie* case under the *McDonnell Douglas* analysis is "minimal", for the reasons set forth in

Section E above, the Complaint fails to establish the minimum age differential used and established in the Third Circuit.  <u>Briggs v. Temple University</u>, 339 F. Supp.3d 466 (E.D. Pa 2018)(emphasis added); <u>Carter v. Mid-Atl. Healthcare, LLC</u>, 228 F.Supp. 3d 495, 503 (E.D. Pa 2017); <u>DeCicco v. Mid-Atl. Healthcare, LLC</u>, 275 F. Supp.3d 546, 554 (E.D. Pa. 2017); *See also*, <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93. S.Ct. 1817, 36 L.Ed.2d 668 (1973).  In fact, the District Courts have actually held that facts pled showing that the plaintiff was replaced by a "***sufficiently*** younger person…" <u>Giuliani v. Polysciences, Inc.</u>, 275 F. Supp.3d 564 (E.D. Pa 2017); <u>Burton v. Teleflex, Inc.</u>, 707 F.3d 417, 426 (3rd Cir. 2013); <u>Davis v. Tammac Corp.</u>, 127 F.Supp.2d. 625, 633 (M.D. Pa. 2000)(emphasis added).

As a result of the foregoing, the Plaintiff has not sufficiently pled a violation of the PHRA for age discrimination, and the said claim must be dismissed with prejudice.

## VI.   <u>CONCLUSION</u>

As a direct and proximate result of the foregoing, the Defendant requests that this Honorable Court dismiss the all counts in this Complaint with prejudice.

Respectfully submitted,
**VINSKO & ASSOCIATES, P.C.**
*S/William E. Vinsko, Jr., Esquire*
**WILLIAM E. VINSKO, JR., ESQUIRE**
Atty. ID:  87739
**BRIAN M. VINSKO, ESQUIRE**
Atty. ID:  210215
37 North River Street
Wilkes-Barre, PA  18701
Phone:  (570) 970-9700
Facsimile: (570) 970-9711
wvinsko@vinsko.com
bmvinsko@vinsko.com

ATTORNEYS FOR DEFENDANT
**AVANT PUBLICATIONS, LLC et. al.**

Dated:        **MAY 9, 2022**

28

## **WORD COUNT**

I, William E. Vinsko, Jr., Esquire, certify that there are less than 8500 words in this Memorandum of Law.

S/William E. Vinsko, Jr., Esquire