## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOROTHY K. MARTIN,                     :     No. 3:22cv276
          Plaintiff              :
                                  :     (Judge Munley)
     v.                                 :
                                  :
AVANT PUBLICATIONS, LLC d/b/a          :
TIMES LEADER d/b/a TIMES LEADER        :
MEDIA GROUP,                           :
          Defendant              :

### MEMORANDUM

Before the court is Defendant Avant Publications, LLC d/b/a Times Leader d/b/a Times Leader Media Group's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  This matter is ripe for disposition.[1]

**Background**

This is an employment discrimination action by plaintiff against her former employer, the publisher of *The Times Leader* newspaper.[2]  Plaintiff, born in 1955, worked for defendant as an editor. (Doc. 1, Compl., ¶¶ 15-17).  Plaintiff alleges she suffers from arthritis, particularly in her legs, which affects her ability to walk

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[2] These background facts are derived from plaintiff's complaint.  At this stage of the proceedings, we must accept all factual allegations in the complaint as true.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).  The court makes no determination, however, as to the ultimate veracity of these assertions.

and stand. (Id. ¶ 19).  Per plaintiff, defendant was aware of her diagnosis and physiological impairments. (Id. ¶ 20).

In this case, defendant permitted plaintiff to work from home beginning in 2017. (Id. ¶ 25).  On Friday, February 7, 2020, however, plaintiff alleges that defendant directed her to begin working from defendant's Wilkes-Barre, Pennsylvania office effective February 10, 2020. (Id. ¶ 26).

The next day, Saturday, February 8, 2020, plaintiff requested that she be permitted to continue working from home and defendant informed plaintiff that she would need a doctor's note. (Id. ¶¶ 29-30).  Plaintiff requested the doctor's note on Monday, February 10, 2020, and she provided it to defendant on the afternoon of February 14, 2020 as soon as she received it. (Id. ¶¶ 31, 37). Plaintiff did not report to the office February 10, 2020; she worked from home. (Id. ¶ 32).  As a result, defendant issued her a written reprimand. (Id. ¶ 36). Additionally, plaintiff alleges defendant denied a vacation-time submission on February 12, 2020, in retaliation for her request to perform her duties from home. (Id. ¶¶ 33-35).

On February 20, 2020, plaintiff emailed defendants' director of human resources requesting paperwork to file for leave under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Id. ¶ 38).  She alleges that she was terminated four days later, on February 24, 2020, on the same day

2

she reiterated to defendant's news editor that she was requesting FMLA leave. (Id. ¶¶ 44, 46).  Prior to her termination, plaintiff was the oldest editor on the staff of *The Times Leader*. (Id. ¶ 50).  She alleges that, upon her termination, her duties were reassigned to younger, less qualified editors.  (Id. ¶ 52).

Based on these allegations, plaintiff filed a complaint on February 23, 2022 asserting eleven (11) causes of action:

- **Count I** – wrongful termination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*;

- **Count II** - wrongful termination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT § 955(a);

- **Count III** – retaliation based on requests for reasonable accommodation in violation of the ADA;

- **Count IV** – retaliation based on requests for reasonable accommodation in violation of the PHRA;

- **Count V** – failure to accommodate in violation of the ADA;

- **Count VI** – failure to accommodate in violation of the PHRA;

- **Count VII** – wrongful termination in violation of the FMLA;

- **Count VIII** – wrongful denial of leave in violation of the FMLA;

- **Count IX** – interference with and obstruction of plaintiff's FMLA rights;

- **Count X** – age discrimination and wrongful termination in violation of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq*.

- **Count XI** – age discrimination and wrongful termination in violation of the PHRA.

(Id. ¶¶ 74-114).

Defendant responded to the complaint by filing the instant motion to dismiss all of plaintiff's claims. (Doc. 7). Having been fully briefed, this matter is ripe for a decision.

**Jurisdiction**

Based on the alleged violations of federal law, this court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Additionally, the court has jurisdiction under 28 U.S.C. § 1343(a)(3), which confers jurisdiction of any action commenced to redress the deprivation of any right, privilege, or immunity secured by federal law providing for the equal rights of citizens. The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion filed pursuant to Rule 12(b)(6), district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (citations omitted).

**Analysis**

Defendant argues that plaintiff fails to state a claim on each of her causes of action. The court will address defendant's arguments relative to plaintiff's disability discrimination claims first before turning to the arguments related to her FMLA and age discrimination claims.

## 1. Plaintiff's Disability Discrimination Claims

Counts I-VI of plaintiff's complaint allege violations of the ADA and PHRA

for wrongful termination, retaliation, and failure to accommodate plaintiff's

disabilities.[3]  To establish a *prima facie* case under the ADA, a plaintiff must

establish that she (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has

suffered an adverse employment action because of that disability. See McNelis v.

Pennsylvania Power & Light Co., 867 F.3d 411, 414 (3d Cir. 2017); 42 U.S.C.A.

§ 12112 ("No covered entity shall discriminate against a qualified individual on

the basis of disability in regard to. . .discharge of employees. . .and other terms,

conditions, and privileges of employment.").

In challenging plaintiff's wrongful termination claims (Counts I-II),

defendant targets the first and third elements and argues that plaintiff's complaint

fails to allege facts showing defendant's notice of plaintiff's disability and a causal

connection between the alleged disability and the termination.  The court

disagrees.  Plaintiff alleges that she worked for defendant for thirteen (13) years

prior to her firing and that defendant permitted her to work from home for the

---

[3] "The PHRA and the ADA are 'basically the same in relevant respects and Pennsylvania
courts generally interpret the PHRA in accord with its federal counterparts." Buskirk v. Apollo
Metals, 307 F.3d 160, 166, n. 1 (3d Cir. 2002)(quoting Rinehimer v. Cemcolift, Inc., 292 F.3d
375, 382 (3d Cir. 2002) (internal quotation marks, ellipses and further citation omitted).
Accordingly, this decision will only reference the ADA.

previous three (3) years. (Doc. 1, Compl., ¶¶ 16, 25).  Per plaintiff, defendant was aware of her diagnosis and physiological impairments, i.e., her arthritis in her legs and her limitations with walking and standing.  (Id. ¶¶ 18-21).  During the period where plaintiff's remote work status was in question, defendant sought and plaintiff proffered a note from her doctor regarding the need to work from home. (Id., ¶¶ 20-22, 29-31, 37).  Nonetheless, plaintiff alleges that defendant terminated her within two (2) weeks of providing the doctor's note after additional events relative to plaintiff's request for FMLA leave. (Id. ¶¶ 38, 44, 46). Defendant's motion to dismiss Counts I-II regarding wrongful termination based on disability will thus be denied.

Defendant also moves to dismiss plaintiff's ADA and PHRA retaliation claims in Counts III-IV.  To state a retaliation claim under the ADA, a plaintiff must adequately plead that: (1) she engaged in protected activity; (2) defendant took adverse action against the plaintiff either after or contemporaneous with her protected activity; and (3) a causal connection exists between the plaintiff's protected activity and that adverse action. See Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015); see also 42 U.S.C. § 12203(a) (providing that "No person shall discriminate against any individual because ... such individual made a charge ... under [the ADA]" and making it unlawful for an employer to retaliate against an employee because the employee requested an accommodation).

7

Defendant argues that the complaint does not identify or make any averments that plaintiff engaged in protected activity.  Defendant concedes, however, that a request for a reasonable accommodation of disability constitutes protected activity. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 188 (3d Cir. 2010)("Prohibited discrimination under the ADA includes retaliation against an employee for requesting an accommodation.")(citation omitted).  Moreover, "a request for FMLA leave may qualify, under certain circumstances, as a request for a reasonable accommodation under the ADA." Capps v. Mondelez Glob., LLC, 847 F.3d 144, 156–57 (3d Cir. 2017)(citing 29 C.F.R. § 825.702(c)(2)).

In her complaint, plaintiff has sufficiently alleged that she requested a reasonable accommodation for her arthritis and ambulatory issues (continued remote work after a return-to-office mandate) and then defendant took adverse action within days of the request, i.e., the company then issued her a written reprimand for not working in the office without a doctor's note, denied her timely and proper request for vacation time, refused to grant FMLA leave, and then terminated her. (Doc. 1, Compl. ¶¶ 29, 33, 35, 36, 38, 44-46).  Accordingly, defendant's motion to dismiss plaintiff's ADA/PHRA retaliation claims in Counts III-IV will be denied.

Defendant fares no better in its arguments to dismiss Counts V-VI, the plaintiff's ADA/PHRA failure-to-accommodate claims, based on a lack of notice of

her disability. A plaintiff bringing an ADA failure-to-accommodate claim must aver: (1) she was disabled; (2) her employer knew it; (3) she requested an accommodation or assistance; (4) her employer did not make a good faith effort to assist; and (5) she could have been reasonably accommodated. See Capps, 847 F.3d at 157 (citations omitted). Having determined that plaintiff sufficiently alleged defendant's knowledge of her disability in the discussion of plaintiff's *prima facie* disability discrimination claims above, defendant's motion to dismiss the failure-to-accommodate claims in Counts V-VI will likewise be denied.

## 2. Plaintiff's FMLA Claims

Plaintiff also asserts three separate causes of action based on the defendant's alleged violations of FMLA: Count VII – termination; Count VIII - denial of leave; and Count IX – interference and obstruction. The court construes these three counts as making two distinct, recognized FMLA claims for interference and retaliation. See Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012)("When employees invoke rights granted under the FMLA, employers may not "interfere with, restrain, or deny the exercise of or attempt to exercise" these rights. 29 U.S.C. § 2615(a)(1). Nor may employers "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful." 29 U.S.C. § 2615(a)(2). The former provision is generally, if imperfectly, referred to as "interference" whereas the

9

latter is often referred to as "retaliation."); see also Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009) ("firing an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee.").

Defendant argues that the plaintiff's FMLA claims fail because there is no allegation that plaintiff filed the paperwork for FMLA leave. (Id. at 24–25).  This contention is really a challenge to plaintiff's *prima facie* FMLA interference case which requires, among other things, that "the plaintiff gave notice to the defendant of his or her intention to take FMLA leave." Capps, 847 at 155 (citing Ross v. Gilhuly, 755 F.3d 185, 191 (3d Cir. 2014))(further citation omitted).  And a plaintiff is not required to plead that she presented a completed application; all she must plead is that she gave notice of her intention to take FMLA leave. See Scott v. UPMC, 435 F.App'x 104, 107 (3d Cir. 2011)("[I]n order to invoke FMLA protection, an employee must first notify her employer of her need for leave.").

Moreover, "proper notice" requires a fact-intensive inquiry into the circumstances of a plaintiff's requests based upon the language used in regulations promulgated by the Department of Labor. See 29 C.F.R. § 825.302(a)("An employee must provide the employer at least 30 days advance notice before FMLA leave is to begin. . . If 30 days notice is not practicable, such as because of a lack of knowledge of approximately when leave will be required

to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable."); 29 C.F.R. § 825.302(b)("In all cases, however, the determination of when an employee could practicably provide notice must take into account the individual facts and circumstances.").

Additionally, as for the form of notice, "[s]imple verbal notification is sufficient" and an employee "need not use any magic words." Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007)(discussing 29 C.F.R. § 825.302(c)). "The critical question is how the information conveyed to the employer is reasonably interpreted. An employee who does not cite to the FMLA or provide the exact dates or duration of the leave requested nonetheless may have provided his employer with reasonably adequate information under the circumstances to understand that the employee seeks leave under the FMLA." Id.

The complaint indicates that plaintiff gave notice to defendant's human resources department on February 20, 2020 and reiterated her desire to take FMLA leave to defendant's news editor on February 24, 2020. (Doc. 1, Compl. ¶¶ 41, 44). Since proper notice is a question that requires discovery to appropriately consider, defendant's arguments about plaintiff not submitting FMLA paperwork fall short at the motion to dismiss stage.

Defendant also argues that, as alleged, plaintiff was given a written reprimand for failing to appear to work in-person on February 10, 2020 prior to the request for FMLA paperwork on February 20, 2020. (Doc. 9, Df. Br. in Supp. at 24; Doc. 1, Compl. ¶¶ 32, 26, 38).  According to defendant, no FMLA violation could occur because defendant already decided to take adverse action, i.e. the written reprimand.  But the reprimand is not the only adverse action alleged.  The complaint alleges plaintiff was terminated four days from the time she first sought to take FMLA leave, and defendant denied her that leave in the interim. Accordingly, plaintiff's FMLA interference and retaliation claims in Counts VII-IX survive defendant's motion to dismiss.

### 3. Plaintiff's Age Discrimination Claims

Finally, defendant moves to dismiss Counts X-XI, plaintiff's ADEA and PHRA claims.[4]  "The ADEA prohibits employers from 'discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.' " Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 643–44 (3d Cir. 2015)(quoting 29 U.S.C. § 623(a)(1)).  ADEA claims "differ only

---

[4] As with plaintiff's ADA/PHRA claims, the analysis for plaintiff's ADEA and PHRA claims is identical. See Fasold v. Justice, 409 F.3d 178, 184 n. 8 (3d Cir. 2005) (quoting Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002)); Connors v. Chrysler Fin. Corp., 160 F.3d 971, 972 (3d Cir. 1998) ("There is no need to differentiate between ... ADEA and PHRA claims because ... the same analysis is used for both.").  This decision addresses only plaintiff's ADEA claims.

slightly" from ADA claims in terms of the elements needed to show a *prima facie* case of discrimination; age replaces disability as the protected trait. See Fowler v. AT&T, Inc., 19 F.4th 292, 299 (3d Cir. 2021).  To make a *prima facie* ADEA discrimination claim, a plaintiff must show that she was: (1) over the age of 40; (2) subject to an adverse employment action; (3) qualified for her position; and (4) the adverse employment action was because of her age. See id. (citing Willis, 808 F.3d at 644).  In her complaint, plaintiff pleads facts to support each of these elements. (See Doc. 1, Compl. ¶ 15 (born in 1955), ¶ 46 (terminated), ¶¶ 17, 51 (qualified as an editor), and ¶¶ 50, 52 (oldest editor on staff; job duties transferred upon termination to the remaining younger editors)).

Defendant argues, however, that plaintiff's age discrimination claims must be dismissed because she did not allege information regarding the relative age of the younger editors.  This requires application of a standard higher than the Third Circuit Court of Appeals permits on a motion to dismiss.  See Martinez v. UPMC Susquehanna, 986 F.3d 261, 265–67 (3d Cir. 2021).  In Martinez, the Third Circuit determined that allegations by a 70-year-old orthopedic surgeon that he was replaced by two "significantly younger" surgeons were sufficient to make out a *prima facie* case of age discrimination. Id.  Moreover:

> In an age-discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age. The replacements' exact ages are not ultimate issues or even legally

13

mandated elements. Indeed, no minimum age gap is needed to find that the replacement is "sufficiently younger." Barber v. CSX Distrib. Servs., 68 F.3d 694, 699 (3d Cir. 1995). . .

Even circumstantial-evidence cases do not always require an age gap or a direct replacement. The plaintiff can instead allege actions by an employer that, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Willis, 808 F.3d at 644 (quoting Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352 (3d Cir. 1999)).

Id. at 266–67.

A fair reading of plaintiff's complaint permits the inference that plaintiff, the oldest editor on staff, was replaced by sufficiently "younger" editors who absorbed her duties when she was terminated just shy of her 65th birthday. She need not plead her replacements' exact age, see id. at 264, or be certain about her observations of a person's estimated age, see id. at 267. Accordingly, defendant's motion to dismiss plaintiff's age discrimination claims in Counts X-XI will be denied.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss is denied. An appropriate order follows.

14

Date: 5/30/24

JUDGE JULIA K. MUNLEY
United States District Court

15